Thornton *vs.* Gibson.

B. A. THORNTON, Receiver, plaintiff in error, *vs.* TAYLOR
F. GIBSON, defendant in error.

(LOCHRANE, Chief Justice, said he was related to one of the parties by former
marriage, but consented to preside.)

When the issue before the Court and jury is whether there was an exist-
ing partnership, or no partnership between certain parties, and there
is any evidence either for or against the existence of the alleged part-
nership, that question should be submitted to the jury, and it is error
for the Court to grant a non-suit where there is any evidence for the
jury to consider in relation to that fact.

Non-suit.   Partnership.   Before Judge COLE.   Crawford
Superior Court.   April, 1870.

"Beverly A. Thornton, Receiver of the estate of J. A.
Ralston," averred that Taylor F. Gibson was indebted "to
him" $500 00 for rent of a store for a year, from the first
of October, 1866.   The defendant pleaded the general issue
and *actio non*, because in August, 1866, he and Thornton
and A. W. Gibson, agreed to go into partnership as mer-
chants in Macon, and that Thornton, who controlled stores
as administrator of Ralston, should select a store for the
partnership, and he did reserve a store (but not the one he
agreed to reserve) for said firm; the firm dissolved before the
first of October, 1866, never occupied the store, but it was
kept by Thornton as such administrator.   On the trial it was
shown by plaintiff that one of the Gibsons applied to Thorn-
ton for a store for the Gibsons, saying they wished to move
to Macon, to put in $5,000 00 apiece and merchandise as
partners, and that Thornton said he could furnish a store,
and wished to put in $5,000 00 and become their partner.
To this they agreed.   He did not get for them the store
which they wanted, but reserved another, at $2,500 00 *per
annum*, which belonged to said estate.   Circumstances pre-
vented the Gibsons from moving to Macon, and defendants
wrote Thornton, telling him to rerent the store as best he
could, and that he, Thornton, should loose nothing by rea-

Thornton *vs.* Gibson.

son of renting it for less than $2,500 00. Thornton did rerent it for $2,000 00, and that was all that *then* could be had for it, it being past the season for renting.

Further, plaintiff testified that he did propose to put in $5,000 00 and become a member of the firm when the Gibsons should come to Macon and begin business, and to this the Gibsons assented; there was no partnership and there was to be none until they came to Macon and began business, then Thornton was to put in $5,000 00, which he had always been ready to do.

Here plaintiff closed and the Court non-suited his cause upon the ground that he had shewn that the store was rented to a firm, and not to defendant individually. That is assigned as error.

F. F. BEST, for plaintiff in error.

S. HALL, for defendant, no time being specified for partnership to begin, it begins at once : Revised Code, section 1881; Story on P., section 194. All partners must be sued together: Revised Code, section 3272, 3274, 1888, 1889; 1 Ch. Pl., 42. One may not at law sue his partners: Story on part., sections 221, 234; 2 Bos. and Pal., 120, 124, note C.

(The failure of the record to reach this Court at last term, in time, postponed the cause to this term.)

WARNER, Judge.

This was an action brought by the plaintiff, as the Receiver of the estate of J. A. Ralston, against the defendant, to recover the sum of $500 00, alleged to be due the estate of Ralston, for the rent of a store-house in the city of Macon. The defendant plead, that at the time the store-house was rented, there was a copartnership existing between the plaintiff, in his individul capacity, and the defendant, and one Aurelius Gibson, to do business as merchants, in the city of Macon, which copartnership was afterwards dissolved. On the trial of the case, after the plaintiff had closed his evi-

Kerwin vs. Cummings.

dence, the defendant demurred thereto, and moved the Court to grant a non-suit, on the ground that the plaintiff's evidence showed the existence of a partnership as alleged by the defendant, at the time the store-house was rented. The Court granted the non-suit, and the plaintiff excepted.

1. This was a demurrer to the plaintiff's evidence, and the question for the decision of the Court upon that demurrer, was not as to the *preponderance* of the evidence in favor of the partnership, but whether there was *any evidence* denying the existence of the partnership at the time the store-house was rented. If there was any evidence on which the jury could have found that there was no partnership, then they should have been allowed to consider and pass upon that evidence: *Tison vs. Yawn,* 15th Georgia Reports, 491 ; *Biggers vs. Pace,* 5th Georgia Reports, 172. Thornton states in his answer to interrogatories, "that there was a proposition made by him, that when the defendant and his brother should come to Macon and commence business, that he would put in $5,-000 00 as a partner, to which the defendant assented ; *there was no partnership, and there was to be none until they came up to Macon and commenced business ; they never came, and there never was any partnership formed.*" It was error in the Court sustaining the demurrer to the plaintiff's evidence as disclosed by the record, and granting the non-suit. The question of partnership or no partnership should have been submitted to the jury, under the evidence in this case.

Let the judgment of the Court below be reversed.